Good morning your honors. My name is Ani Ahmed. I represent the United States in this case and I'm from the Eastern District of Washington. The United States submits that in this case Trooper Clark was justified in stopping the vehicle driven by Latrissa Nelson and he had reasonable suspicion that he, Ms. Nelson, was violating the state right statute which is codified in RCW 46.61.100. Specifically, Trooper Clark believed that Ms. Nelson had been driving approximately at least a mile before he observed her in the left-hand lane. Ms. Nelson passed the trooper, continued in the left-hand lane, and Trooper Clark eventually caught up with her. Do we have any fact-finding from the district court because the driver testifies that about a half a mile before she moved into the left-hand lane because she saw the police vehicle off to the side of the road? Your honor, I think the court, the district court, in his order noted Ms. Nelson's testimony specifically as those facts but he also noted the trooper's testimony that he observed the vehicle approximately a mile the first time he observed her was approximately a mile behind him when he observed her in the rearview mirror. So the district court made both those facts known in its order of suppression. So neither one in a sense is a fact, we just have testimony from both that's just slightly in conflict? Yes, your honor. I mean the district court didn't make any notes of credibility and so on. Are officers in Washington authorized or is it appropriate, say under federal law if you will, for them to stop vehicles where the driver is not committing a felony, a misdemeanor, or an infraction? If your honor is talking about a pretextual stop in the federal sense, yes if in fact... I'm not talking about being pretextual, I'm saying can can you stop a driver who is not committing even an infraction? No, your honor. I mean you can't stop a driver simply if the person, unless there's probable cause that he's... So if driving in the left lane without obstruction traffic is not an infraction, then the stop is improper, correct? That is correct, your honor. So your case hinges on making driving in the left lane without impeding traffic an infraction? Yes, your honor. Okay, go for it. Okay, thank you, your honor. The United States submits it is an infraction, as I've noted in the fact is a violation, is an infraction. Well it doesn't say that necessarily because you've got a special infractions statute relating to driving in the left lane. Were it otherwise, of course, people would be committing infractions on the freeways probably 24-7, but that's another question. Your 020 actually specifically states that any violation under Title 46 is in fact an infraction, and I know it's an unpublished case that I cited in my brief. It's the only case that I could find on point, but when you look at Deskins v. City of Bremerton, that was one of the exact points argued in that case as well, and the court found that in fact that the defending that case had properly argued that it was in fact an infraction. That's what that court said. I understand that, but I thought we had sort of a pre-floating concept that when you have a general statute, but then you have a specific statute that is not necessarily congruent with the general one, then the specific has control. In this case, of course, it says, almost looks not generally drive along in the left lane, but then it says, if you do do if you do that and impede traffic, you're committing an infraction. That seems quite redundant if just doing it at all is an infraction, even though you're not impeding traffic. It seems like the legislature was very redundant, and when one looks at the various things that come out in Washington, nobody clarifies that any further as far as I can. In fact, what they say is, whenever they say it, it may not be part of this record, but it looks to me like when Washington says, don't do it, they say, and if you impede traffic, it's an infraction, but they don't say it's an infraction otherwise. Your Honor, I would submit to the court from the very beginning that it's, and I'm not an expert at drafting statutes, but it's probably not the best written statute ever made because it is difficult to read and difficult to follow in certain circumstances, but I would submit to the court based on Your Honor's analysis that, in fact, in the city of Bremerton case that I just cited to, they actually know that that's not the only circumstance where it would be an infraction. That's not what the statute says. In fact, there could be circumstances when you are not impeding traffic where it would be an infraction. I would give the court this illustration. For example, we've all been in situations where we're driving in the left-hand lane. We are perhaps driving the speed limit. We observe another vehicle in front of us. They're not paying attention. They failed to yield, and at that point, originally, when that driver is driving on the left-hand lane, there's no traffic there, but we know that the flow of traffic eventually catches up to that driver. That driver may not be paying attention. He may not yield to the right lane. It becomes a dangerous situation. And if he actually impedes you as you're driving, which we all curse when, especially on two-lane roads, when somebody drives slow and impedes you, he's committed an infraction for sure. No question about that, and you're driving, I suppose, if you're driving in a four-lane freeway, and it's not a special lane, diamond lane, or whatever you call them, you're driving in the left lane. Nobody else is on the freeway here at 3 a.m. in the morning. Not quite so clear that you're doing something evil. Then, Your Honor, if you had a circumstance where, in fact, you would only cite a person if they were, in fact, impeding traffic or being followed by another vehicle, then you would actually, as an officer, have to wait until you made that observation instead of actually noting that they were in the left-hand lane to begin with. And I think that is contrary, really, to the legislature's intent, which I noted in my brief, which was to keep traffic on the right-hand lane and keep the left-hand lane primarily as a passing lane. And I think that's very clearly said. You know, let me do it this way. I have trouble with this case because the first part of the statute at issue here really does say that she's doing something wrong. On the other hand, it seems to me that if she's telling the truth as to why she was in that left-hand lane, she was doing something absolutely right. I mean, if I'm driving along on a freeway, divided highway, two lanes each way, I'm in the right-hand lane, I'm going the speed limit, I see a police vehicle off to the Now, technically, or maybe I shouldn't even say technically, literally, I'm just reading the first part of the statute, she shouldn't have done that. Now, are you saying that that's an infraction if what she says is true? Now, I say if. I mean, I understand that the officer, as his testimony is what he observed, he didn't see her moving over. But taking her testimony is true. Is that an infraction? I'm going to answer your Honor's question in two parts. Number one, technically under the statute, no. Yes, it is an infraction because he didn't have his overhead lights on. But I would tell your Honor this, that if in fact she had moved over to left-hand lane as she claimed to give the officer space, I think she noted in her testimony that she was very familiar with Oregon State law, that's where she was from, and she wanted to move to left-hand lane to give him room and she observed two trooper vehicles on the side of the road. Common sense would tell you that if in fact that's what she did, she would move back to the right-hand lane after she passed him. Now, the trooper observes her. He says he's driving an SUV. It takes two minutes to catch up to her. He's behind her for another, he says, a little less than a minute, and he's behind her in the left-hand lane. And if in fact she had moved over to left-hand lane to give him room, common sense would tell you that she knows at that point to move back in the right-hand lane once she's passed him, and she never does that. He makes that observation. And I don't think even Ms. Nelson contested that she ever got in the right-hand lane. She maintained her left-hand lane all around. Now, my second part of the answer is this. I don't think that there's anything superfluous in the statute. I think that the legislature intended that the first part of the statute be different from the other parts. Number one, passing is different than going at a greater speed than the flow of traffic. I think it simply makes sense, and as I argued to the district court, when you're passing a vehicle, you're passing a certain vehicle or you're passing two vehicles. When you're moving greater than the speed of the flow of traffic, you're passing a long line of vehicles, your left-hand lane may be going faster than the right-hand lane, or so on. I don't think the two are superfluous. And to say that they're superfluous in the second part, you know, that you must be going faster than the flow of traffic, so simply to overtake a vehicle, as the district court found that it makes sense that way, and then just get rid of Part B, passing, or excuse me, getting rid of Part B. Going faster than the flow of traffic, we have to get rid of that. Now we have to say the vehicle should be allowed to stay in the left-hand lane if they're not impeding traffic. I don't think that makes sense. It's not in the plain reading of the statute itself. In fact, the legislature goes out of its way to distinguish those two parts, and I think you have to read the statute as it's put out where there is a distinction with a difference there. Do you have any knowledge as to how often this law is enforced? I personally have knowledge, yes, Your Honor. It's not on the record. I've been stopped for driving in the left-hand lane before. I don't believe there was any traffic around. I thought the officer was stopping me for texting, in fact, which I was doing a couple minutes before. Shame on you. But I have personally been stopped for driving in the left-hand lane. Did you get a ticket? I did not get a ticket, Your Honor. We won't ask why. I did not go that route either. Let's hear from the other side. We'll give you a chance to respond. Good morning, Your Honors. Matt Campbell from the Federal Defenders of Eastern Washington on behalf of Mr. Roach. In a nutshell, we believe that Judge Whaley got it right. Judge Whaley went through the statute. We believe he interpreted it correctly for some of the reasons that were touched on in at least Judge Fernandez's questions. The statute lists several what we believe are directives and what Judge Whaley found to be directives, that a person shouldn't do certain things. Then at the end of Section 2, the statute creates a specific prohibition for what I would call large vehicles or vehicles that are towing and says you can't do A through D. And then finally in Section 4, it says it's a traffic infraction to drive continuously in the left lane of a multi-lane roadway when it impedes the flow of traffic. Judge Whaley carefully went through that and reconciled that in order for this statute to make sense, and in order not to read out either the large vehicle provision or Section 4, both of which are the more specific portions of the statute as Judge Fernandez had referenced, that one, the only way to interpret it was to have Section 2 be essentially directive and Section 4 be mandatory. Do you think that's the only way to interpret it? I would say it's the only way to logically interpret it, Your Honor. I also think that it's consistent with the legislative intent in enacting the statute that talks about the left lane perhaps should primarily be for passing, but the use of the word primarily does encompass the fact that it could be used for other things. I also think that there's mentions in the legislative intent talking about they want to improve traffic flow. So, again, I think it's consistent with the legislative intent, and I don't really see another logical way of interpreting the statute. Even taking your interpretation of the statute such that it's an infraction if the person driving in the left-hand lane is impeding the flow of traffic but not otherwise, the officer testifies that he came up behind her and followed her closely, both of them in the left-hand lane for a while. Would that have been impeding him? That is to say, would that come under the infraction part of the statute? Your Honor, I believe that it wouldn't, and in going through Judge Whaley's findings of fact, and I'm specifically looking at ER, I believe it's pages 7 and 8, Judge Whaley is relatively brief, but he describes the circumstances and makes it relatively clear that the officer pulled out and got onto the freeway and accelerated in order to stop the driver. But if he followed her for a considerable period of time, why wouldn't that be impeding his progress? If she said that she moved to the left to get out of his way, then when he got behind her, why wouldn't she move to the right then? Well, I think inherent in the idea of impeding somebody's progress would be the idea that the driver in the front is slowing the driver behind. Here that's not the case. How do you know that? Well, I guess as a matter of logic, to impede seems to be to prevent somebody from going past you. Or going faster. Correct, but since the trooper had no intent of going faster, he wasn't impeded. The trooper, in fact, didn't want to be in front of the driver. His whole purpose was to drive up and pull her over. How did she know that? The difficulty I'm having with that argument is her testimony that the reason she initially went into the left lane was so as to not interfere with the officer who was pulled on the side of the road. So following that logic, if the officer then was behind her, if her intent was to not interfere with the officer's progress, it would seem logical that she would have moved to the right at that point, keeping her frame of mind. Certainly. There was testimony in the record, and unfortunately I don't have it at the tip of my tongue, but Ms. Nelson had testified that she did see the officer approaching from behind and initially coming from the right side of the road and presumably accelerating, and that she didn't immediately pull over to the right-hand side of the road because he was accelerating past her. So again, it seems to me that under these circumstances, I would follow up and reference what Judge Fletcher had spoken about, where if she moves over to avoid the officer, and I would disagree with the government that you're only allowed to move into the left-hand lane if the lights are on. I agree as a matter of Washington law, or law in many states, you're required to move to the left if flashing lights are on. But I don't think, I guess it would be the converse or the inverse, is true that you necessarily cannot move to the left-hand lane if the lights are off. Again, she was trying to be a responsible driver at that point, and would then be punished for doing something that the legislature has already said seems like a pretty good idea. So, counsel, what do you make of the use of the word shall in subsection 2, where it says all vehicles shall be driven in the right-hand lane and gives the four exceptions? Do we read that out of the statute? I don't think you need to read it out, Your Honor. And we've cited, and Judge Whaley cited, and we've cited in our briefing, that the word shall under Washington law is not necessarily interpreted as a mandatory. It can be interpreted essentially as should, and Judge Whaley discussed that in his order and essentially said, well, perhaps there's a presumption that the word shall is a mandatory. In this case, using the word shall as mandatory reads out other significant portions of the statute. It makes those portions superfluous. So in looking at the entire statute and looking at the legislative history, Judge Whaley came to the conclusion that shall can be interpreted as directive. But is that consistent with Washington law that interprets exceptions narrowly? It would appear to me that the exceptions would not then swallow the mandatory language that comes before. Well, I don't think that the, again, if we interpret the exceptions, which I believe Your Honor is referring to parts A through D. Yes. If we look at those exceptions and then we look at what follows it, I believe that adds to clarity. We look at the restrictions on the large vehicles, and then we look at the Section 4 that talks about impeding. It seems to me that Judge Whaley's interpretation makes more and more sense in that large vehicles cannot do, cannot travel left except for A through D. The only way that provision makes sense is if small vehicles have a different requirement. And then Subsection 4, which is the most specific portion that Judge Fernandez had referenced, then makes sense in that it's saying if you do the things other than A through D and you impede traffic, you are in violation. I'm concerned about your suggestion that, well, maybe she wasn't impeding the officer because he didn't really intend to go faster. That would make it a very interesting statute. So would that mean when an officer pulls somebody over, and the person is going down the road in the left lane, and there are a line of cars behind this person. She's going slowly. They're behind. They might look nervous. Who knows what they look like? But in order to pull her over and give her a citation, you'd have to somehow describe the intent of the people behind her. Maybe the people behind her were just happy as clowns. Oh, she's only going 50. That's nice. It's a nice day, and I think I'll go 50 too. Also, so that you couldn't prosecute this person unless you knew the intent of the drivers behind her? That doesn't sound like a very logical. I understood, Your Honor. If I implied that this would become a, I guess, under Your Honor's question, then you would almost have to pull over everybody on the freeway at that moment and ask them what they were trying to do, and that's certainly not what happened. Well, I'll bail you on this one, I think. And that is, well, you don't need affirmatively to show impeding, but here we know that she was not, meaning his only intent is to stop her. Precisely. Your Honor said it more eloquently than I could. Well, but you don't know that at the time. I mean, after the fact, you knew that. But at the time that the incident was occurring, he didn't know her intent, she didn't know the officer's intent. Maybe when he got behind her, he got behind her and said, well, let me get behind her and see if she moves over, and she doesn't. I suppose anything is possible, but under these circumstances, we know that that wasn't the case and that, in essence, I guess arguably, he created the situation in order to pull her over. That was what he was trying to do. I see my time has ended, so if there are no further questions. Thank you. Would you like a minute? Just a few points that counsel brought up. I would submit to the court that it was not the only way to interpret the statute, to try to make sense of it as a district court judge did. In this case, respectfully, there was a lot of manipulation in the statute, contrary to how the statute reads. I would also point out that the fact or the point that she may have been impeding the officer, technically, under the statute, was brought out at the district court level. I don't think you can get into the misery of how the driver is acting or what the misery is of the person who's being impeded. I think it's going to get too complicated in terms of infraction. If, in fact, Ms. Nelson had moved to a left lane when she saw the officer and then she proceeded down the highway and moved into the right lane, and let's just assume, let's just say she didn't move to the right lane, I think that's a question of fact. The issue is, did the officer have reasonable suspicion to believe that she was violating the statute in this case? And if, in fact, she had moved to the left lane prior to him seeing her, then that would be a question of fact and to determine whether she's guilty of the infraction or not by a misdemeanor court judge. It doesn't go to whether he was justified in stopping the vehicle. I would point out that I have cited the statute in my brief as to the fact that the police vehicle must actually have its overhead lights blinking, technically, under the statute. That's what it says, that, in fact, if you move to left-hand lane, it must be that the warning lights are blinking. And I think the testimony at the suppression hearing was that there were no overhead lights blinking. I don't think that's a big issue. I don't think that was a very contested issue at the district court level, and it wasn't a substantial part of my briefing. The briefing really concentrated on the fact or the issue of whether he had reasonable suspicion. Thank you very much. Thanks to both sides for their arguments. United States v. Roche is now submitted for decision.
judges: Fernandez, Fletcher, Rawlinson